| STATE OF MONTANA, | |
|---|---|
| Plaintiff, | NO. DC 95-411 |
| **VS.** | **DECISION** |
| Timothy G. Quigg, | |
| **Defendant.** | |

On March 1, 1996, the previous sentence dated the 19th day of January, 1996, was duly revoked and the defendant was resentenced for the crime of Burglary (Felony). Wherefore, it is ordered, adjudged and decreed that the said Timothy Quigg be committed to the Department of Corrections and Human services pursuant to Section 46-18-201(e), Montana Code Annotated to be placed in an appropriate community based program, facility or a State Correctional Institution, for custody, care and treatment for the term of eight (8) years. Defendant shall receive credit for time spent in the Yellowstone County Detention Facility at Billings, Montana, for 74 days. In all other respects, the previous Orders, conditions and reasons of this Court entered on the 19th day of January, 1996, shall remain unchanged and are reimposed and shall continue as if set forth herein. The defendant is further notified that the law imposes upon him the duty to pay a supervisory fee of One Hundred Twenty Dollars ($120.00) a year prorated at Ten Dollars ($10.00) a month for the number of months that he is hereunder Supervision. This fee is payable to the Clerk of Court. It is the finding of this Court pursuant to 46-18-201(3), Montana Code Annotated, the Court shall reject the elapsed time as credit against the sentence for the following reasons: 1. The Court concludes defendant while on supervised probation did not adequately follow the conditions and rules; therefore followed the recommendations of defendant's Supervising Officer, Steven K. Hurd and counsel.

On August 23, 1996, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and proceeded Pro Se. The state was represented by Dale Mrkich, Deputy County Attorney of Yellowstone County.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he did not wish to proceed.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the application shall be dismissed without prejudice.

Done in open Court this 23rd day of August, 1996.

DATED this 23rd day of September, 1996.

Chairman, Hon. Ted O. Lympus
Member, Hon. Jeffrey M. Sherlock
Member, Hon. William Nels Swandal

Done in open Court this 23rd day of August, 1996.

Chairman, Hon. Ted O. Lympus
Member, Hon. Jeffrey M. Sherlock
Member, Hon. William Nels Swandal